IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETE LONGORIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0111-P |
| | § | |
| JIM PAINE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Pete Longoria, a Texas prisoner, against Jim Paine. On January 21, 2010, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on March 8, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Plaintiff alleges that he performed repair and remodeling work for Jim Paine over a period of 21 months, but was not paid for his work. He also accuses Paine of stealing personal property, including a family pet. By this suit, plaintiff seeks more than $150,000 in damages and the return of his property.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to state a claim for relief arising under federal law. Although plaintiff initiated this case by filing a form complaint used by prisoners in bringing a civil rights action under 42 U.S.C. § 1983, he has not alleged a federal constitutional violation or shown that Paine acted "under color of state law." (*See* Mag. J. Interrog. #3). Instead, plaintiff sues Paine to collect money due and owing for repair and remodeling work and for stealing certain property. Such claims arise under Texas law, not federal law.

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that both plaintiff and Paine are citizens of Texas. (*See* Plf. Compl. at 3, ¶ V(A) & (B); Mag. J. Interrog. #1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-

03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The disposition of this case does not preclude plaintiff from suing Paine in Texas state court.